DAMOORGIAN, J.
Deborah A. Watts and Robert L. Watts timely appeal an amended order granting Beneficial Florida, Inc.’s motion for summary judgment. We reverse.
Appellants entered into a loan agreement with Beneficial, which was secured by a mortgage on their residence. After the loan closed, Beneficial realized that there was an error in the Truth in Lending Act (“TILA”) disclosures, 15 U.S.C. § 1601, et seq., provided to Appellants in connection with the loan. Beneficial provided Appellants with a corrected disclosure and a “Notice of Right to Cancel,” pursuant to 15 U.S.C § 1635(a). Appellants elected to . cancel the loan. Beneficial requested that Appellants repay the *275 amount of $311,340.63.[1] Appellants failed to tender the Net Loan Proceeds to Beneficial and demanded that Beneficial cancel the loan before they would pay the amount sought by Beneficial.
Because Beneficial wanted to seek a conditional release of its mortgage lien, it filed an action for declaratory judgment. Appellants filed a pro se answer to the complaint stating that the security interest was void upon Beneficial’s receipt of their notice of cancellation. Accordingly, Beneficial was required to remove the mortgage lien. They also asserted, among other things, that the loan was predatory and that Beneficial lied to them regarding the terms of the mortgage.
Beneficial moved for summary judgment in September of 2010. In its motion, Beneficial argued that although its security interest became void upon rescission by Appellants, 15 U.S.C. § 1635(b), the trial court could modify that procedure according to Regulation Z, 12 C.F.R. § 226.1, et seq. Beneficial requested that the trial court condition the release of the mortgage upon receipt of payment by Appellants. Appellants filed a response to the motion essentially arguing that TILA required immediate cancellation of the mortgage upon execution of the Notice of Right to Cancel. Less than a month after the motion for summary judgment was filed, the case was before the trial court for a case management conference. For reasons which cannot be fully explained, the trial court dismissed the case for lack of prosecution.[2]
Unaware of the dismissal of the case, Beneficial noticed its summary judgment motion for hearing to be held in November of 2010. At the hearing, having realized that the suit had been improperly dismissed for lack of prosecution, the trial court rescinded the dismissal of the suit. The trial court then entertained the argument on the motion for summary judgment. The trial court granted Beneficial’s motion and ordered Appellants to tender the Net Loan Proceeds[3] within twenty-one days or provide a loan commitment for the same amount. Upon receipt of the funds, Beneficial was required to cancel its mortgage. In the event the amount was not tendered, the order reinstated the mortgage under its original terms. However, Beneficial was required to notify all credit reporting agencies to remove any negative reports received by them from Beneficial in connection with the loan. This appeal follows.
We first address whether the trial court should have proceeded to hear argument on the summary judgment motion after vacating the order of dismissal. Although Beneficial’s motion was properly noticed, at that point in time the case had been dismissed. And, while we agree that the dismissal was erroneous and the court properly vacated the dismissal, the record clearly reflects that Appellants, who appeared pro se, were under the impression that the case had concluded and that Beneficial would have to re-file the action. Our reading of the record leads us to the inescapable conclusion that the Appellants were not prepared to argue the motion because they believed the case had been *276 dismissed earlier. Accordingly, although we hold the trial court did not err when it reinstated Beneficial’s suit, it did err by proceeding to immediately hear argument on the motion for summary judgment immediately after vacating its order of dismissal.
Turning to whether the case was ripe for summary judgment, we conclude that the case was not ripe because the answer identified certain alleged practices engaged in by Beneficial, which the trial court was required to consider before it exercised its equitable jurisdiction. See Williams v. Homestake Mortg. Co., 968 F.2d 1137, 1139-40 (11th Cir.1992);[4] Yamamoto v. Bank of New York, 829 F.3d 1167, 1171 (9th Cir.2003).
While we recognize the possibility that the trial court may reach the same resolution, it is nonetheless required to afford Appellants the opportunity to present the details of Beneficial’s alleged transgressions before exercising its equitable jurisdiction.
. Reversed and Remanded for further proceedings.
WARNER and CONNER, JJ., concur.

. fThis amount was referred to as the “Net Loan Proceeds” because the amount Appellants were being asked to repay was the amount of the loan reduced by all interest, origination fees, servicing fees, and principal paid.

. Apparently Beneficial’s counsel did not receive notice of the case management conference and was not present at the conference.

. The trial court was advised that the waiver of the accrued interest was significant because no mortgage payments had been made for approximately two years.

. In Williams, the Eleventh Circuit described the factors that a court should consider:
[T]he district court should consider traditional equitable notions, including such factors as the severity of [the creditor's] TILA violations and whether [the mortgagor] has the ability to repay the principal amount. While the goal should always be to “re-stor[e] the parties to the status quo ante,” ... rescission must also maintain its vitality as an enforcement tool.
Williams, 968 F.2d at 1142 (emphasis added) (footnote omitted).